IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WANDA GARETT, and § | | |
| JANE RUNNELLS, § | | |
| § | | |
| Plaintiffs, § | | |
| vs. § | Civil Action No. 3:19-CV-1491-C-BH | |
| § | | |
| BBVA COMPASS BANK, et al., § | | |
| § | | |
| Defendants. § | Referred to U.S. Magistrate Judge[1] | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the plaintiffs' *Request to Join (2) Cases*, filed July 19, 2019. (*See* doc. 10.) Based on the relevant filings and applicable law, the motion is **DENIED**.

## I. BACKGROUND

The plaintiffs filed this action on June 24, 2019, alleging that "[t]his case involves housing discrimination and breach of contract." (*See* doc. 3 at 7.) This is their entire statement of the their claims; they plead no facts at all in support. By order dated June 25, 2019, the plaintiffs were expressly advised that because they paid the filing fee, they were responsible for serving each defendant with a summons and a copy of the complaint, and that the action was subject to dismissal if each defendant was not served within 90 days. (*See* doc. 5.) The plaintiffs have not filed proof of service on any defendant, and no defendant has answered or otherwise responded to the complaint. They now seek consolidation of this case with an earlier-filed action by a different plaintiff against the same defendants named in this case. (See doc. 10); *Tucker v. BBVA Compass Bank et. al*, No. 3:19-CV-1213-N (N.D. Tex.). The entire statement of claims in the *Tucker* case is identical to the one in this case. (*See* No. 3:19-CV-1213-N, doc. 1 at 4.)

---

[1]By *Special Order 3-251*, this *pro se* case has been automatically referred for full case management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions.

## II. CONSOLIDATION

Rule 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). Consolidation is appropriate when it will avoid unnecessary costs or delay without prejudicing the rights of the parties. *See Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761–62 (5th Cir.1989); *see also Bristol-Myers Squibb Co. v. Safety Nat. Cas. Corp.*, 43 F. Supp. 2d 734, 745 (E.D. Tex. 1999) ("The purpose of consolidation is to enhance efficiency and avoid the substantial danger of inconsistent adjudications. A court has discretion to consolidate, and this decision is premised on a balancing test that weighs the saving of time and effort versus inconvenience, delay or expense."). "In weighing whether to consolidate actions, courts generally consider factors such as (1) whether the actions are pending before the same court; (2) whether the actions involve a common party; (3) any risk of prejudice or confusion from consolidation; (4) the risk of inconsistent adjudications of common factual or legal questions if the matters are tried separately; (5) whether consolidation will reduce the time and cost of trying the cases separately; and (6) whether the cases are at the same stage of preparation for trial." *RTIC Drinkware, LLC v. YETI Coolers, LLC*, No. 1:16-CV-907-RP, 2017 WL 5244173, at *2 (W.D. Tex. Jan. 18, 2017). Courts have broad discretion to decide whether cases should be consolidated. *Mills.*, 886 F.2d at 761; *see also Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1531 (5th Cir.1993) (same).

Here, the plaintiffs do not explain why the two cases should be consolidated. Both actions assert the same conclusory claim against the same defendants, but there are no facts alleged in either complaint from which the Court may determine whether there is a risk of inconsistent adjudications of common factual or legal questions. It is unclear whether consolidation will reduce the time and

cost of trying the cases separately.  Notably, two defendants have answered in the *Tucker* case and have asserted lack of subject matter jurisdiction, and the plaintiff has been ordered to show cause why his case should not be dismissed for lack of subject matter jurisdiction.  (*See* No. 3:19-CV-1213-N, docs. 10, 12, 13.)  The plaintiffs have not shown that any defendant has been served in this case, and none has answered or otherwise responded.  After weighing the relevant factors, the Court finds that consolidation would not enhance efficiency and is not appropriate under these circumstances.

### III. CONCLUSION

The plaintiffs' motion to consolidate this case with action No. 3:19-CV-1213-N is **DENIED**.

**SO ORDERED** on this 22nd day of July, 2019.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE