IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WANDA GARETT, and § | | |
| JANE RUNNELLS, § | | |
| § | | |
| Plaintiffs, § | | |
| vs. § | | Civil Action No. 3:19-CV-1491-C-BH |
| § | | |
| BBVA COMPASS BANK, et al., § | | |
| § | | |
| Defendants. § | | Referred to U.S. Magistrate Judge[1] |

# FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the case should be **DISMISSED** for failure to serve the defendants within 90 days.

## I. BACKGROUND

On June 24, 2019, the plaintiffs filed this *pro se* case against the defendants and paid the filing fee. (*See* doc. 3, receipt number DS117081.) Their statement of the claim simply states, "This case involves housing discrimination and breach of contract." (*See* doc. 3 at 7.)[2] By order dated June 25, 2019, they were expressly advised of their duty to timely serve the defendants:

> Because they paid the fee, the plaintiffs are now responsible for serving each defendant with a summons and a copy of the complaint in this case as provided by Rule 4(c) of the Federal Rules of Civil Procedure. If each defendant is not served within 90 days after the filing of the complaint, the action is subject to dismissal without prejudice. *See* Fed. R. Civ. P. 4(m). In addition, Fed. R. Civ. P. 4(l)(1) requires Plaintiffs to file proof of service with the Court unless service is waived. This proof must consist of "the server's affidavit" if service was not effected by the United States Marshal or a deputy marshal. *Id.* If the plaintiffs do not file a valid return of service or otherwise show that each defendant was properly served, this action may be dismissed.

---

[1] By *Special Order 3-251*, this *pro se* case has been referred for full case management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

(*See* doc. 5.)  The order also directed the clerk to mail the plaintiffs summons forms and a copy of Rule 4 of the Federal Rules of Civil Procedure.  (*Id.*)  The docket reflects that a summons form was served with the order as well as a copy of Rule 4.  (*See id.*)

The plaintiffs failed to file a valid return of service on the defendants within 90 days of the filing of the complaint.  By order dated October 21, 2019, they were directed to either file a valid return of service, or show cause in writing why service could not be made on the defendants, no later than November 4, 2019.  (*See* doc. 13.)  The order expressly stated that if the plaintiffs failed to comply with the order, dismissal of the case would be recommended without further notice.  On November 4, 2019, the plaintiffs filed responses simply stating that they "never received subpoena's for this case."  (*See* docs. 13, 14.)

By order dated November 6, 2019, the Court found that the plaintiffs' responses reflected no effort by them to comply with the order to show cause, such as by contacting the Clerk's Office to request summons forms, and no reason why this case should not be dismissed for failure to serve the defendants.  (*See* doc. 16 at 2.)  Although it found that this action was subject to dismissal for failure to file a valid return of service under Fed. R. Civ. P. 4(m), it nevertheless provided the plaintiffs another opportunity to serve the defendants.  It ordered them to file a valid return of service, or show good cause in writing why service could not be made on each defendant, no later than 5:00 p.m. on November 18, 2019.  It also directed the Clerk's Office to mail the plaintiffs a summons form for each defendant and another copy of Rule 4, and the docket reflects that they were mailed to the plaintiffs.  (*See* docs. 16, 17.)

On November 20, 2019, the plaintiffs filed a return of service as to only three of the five defendants, and each return indicated that one of the plaintiffs had personally mailed the summonses to those three defendants via certified mail, return receipt requested, on November

15, 2019.  (*See* doc. 18.)  As of this date, the plaintiffs have still not filed any return of service as to the other two defendants, Ray McDonald, and Charles C. Guimm, III, or shown cause in writing for their failure to do so.

## II.  ANALYSIS

Because they paid the fee, the plaintiffs were responsible for serving each defendant with a summons and a copy of the complaint case as provided by Rule 4(c) of the Federal Rules of Civil Procedure.  They were required to make proper service on the defendants within 90 days of filing a complaint.  *See* Fed. R. Civ. P. 4(m).  They were also required to file proof of service unless service was waived.  *See* Fed. R. Civ. P. 4(l)(1).  Proof consists of "the server's affidavit" if service was not effected by the United States Marshal or a deputy marshal.  *Id.*

Where proper service is not made within 90 days of filing a complaint, an action is subject to *sua sponte* dismissal, without prejudice.  Fed.R.Civ.P. 4(m).  Dismissal is not proper "if the plaintiff shows good cause for the failure" to properly effect service, however.  *Id.*  In the Fifth Circuit, courts must allow additional time for service if a plaintiff can establish good cause. *Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325–26 (5th Cir. 2008)(citing *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir.1996)).  "To establish 'good cause' the plaintiff must demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice." *Lindsey v. U.S. R.R. Retirement Bd.*, 101 F.3d 444, 446 (5th Cir. 1996) (quoting *Peters v. U.S.*, 9 F.3d 344, 345 (5th Cir. 1993)).  Courts also typically require "some showing of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified." *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir.1995).  The plaintiff bears the burden of showing good cause.  *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988).

3

Even if the plaintiff fails to show good cause, a court has discretionary power to extend the time for service instead of dismissing the case without prejudice. *Millan v. USAA General Indem. Co.*, 546 F.3d at 325; *Thompson*, 91 F.3d at 21. Exercise of this discretionary power may be warranted, "'for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.'" *Id.* (quoting Fed. R. Civ. P. 4(m) advisory committee's note (1993)).

Here, more than 90 days have passed since the plaintiffs filed this action. They received early notice of their duty to serve, a summons form, and a copy of Rule 4. After the 90 days expired, two separate orders to show cause required them to either file valid proof of service or show cause why the defendants could not be served, and they were again provided summons forms and another copy of Rule 4. Each of the three orders warned that the case could be dismissed for lack of timely service. In spite of the three orders, the plaintiffs have made no attempt to show good cause for their failure to accomplish service on the defendants. Accordingly, no further extension of time to accomplish service is required.

The plaintiffs have also provided nothing to support the exercise of discretion to provide more time to accomplish service. It is not apparent from their one-sentence claim that this case will be time-barred if refiled. They have not shown that they have even attempted to serve two of the defendants. As for the other three defendants, the plaintiffs waited until three days before the second deadline to even mail the summons forms to them by certified mail, return receipt requested, and they did not timely file their purported proof of service.

Moreover, even their attempted service is not valid under Rule 4, which does not permit service by mail. Although it provides for service under the state rules of civil procedure, and Texas Rule 106(a) permits service by registered or certified mail, return receipt requested,

neither federal nor state law permits service of process by a party to the action. *See* Fed. R. Civ. P. 4(c)(2); Tex. R. Civ. P. 103. Because one of the plaintiffs attempted the service, it is not valid. The plaintiffs have not followed either state or federal law for service of summons on three defendants, and they have not filed proof of acknowledgment of service by those three defendants. Dismissal of the action as to those three defendants is therefore also warranted. *See Caceres-Mejia v. Watson*, 718 F. App'x 307, 308–09 (5th Cir. 2018) (per curiam) (finding that the district court did not abuse its discretion in dismissing an action without prejudice for lack of timely service where the plaintiff did not follow state law for service of summons or file the requisite proof to establish that the defendant acknowledged service of process).

### III. CONCLUSION

This case should be **DISMISSED** without prejudice for failure to comply with Fed. R. Civ. P. 4(m), unless the plaintiffs file valid proof of service for each of the defendants within the time for objecting to this recommendation, or by some other deadline set by the Court.

**SO RECOMMENDED**, this 2nd day of December, 2019.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

       A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE