IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WANDA JEAN GARRETT and | § | |
| JANE RUNNELS, | § | |
|      Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:19-CV-1491-C-BH |
| | § | |
| BBVA COMPASS BANK, et al., | § | |
|      Defendants. | § | Referred to U.S. Magistrate Judge[1] |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court is *Defendant BBVA USA's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), or, In the Alternative, Motion for More Definitive Statement Pursuant to Fed. R. Civ. P. 12(e), or, In the Alternative, Fed. R. Civ. P. 12(c) Motion for Judgment on the Pleadings*, filed December 9, 2019 (doc. 20). Based on the relevant filings and applicable law, the motion to dismiss should be **GRANTED in part** and **DENIED in part**, and the claims against Charles C. Gumm, III should be *sua sponte* **DISMISSED** for failure to state a claim.

## I. BACKGROUND

On June 24, 2019, Wanda Jean Garrett and Jane Runnels (Plaintiffs) filed this *pro se* complaint against multiple defendants, including BBVA Compass Bank (BBVA) and Charles C. Gumm, III (Gumm), alleging "discrimination and maney[sic] ponzi scheme through housing discrimination." (doc. 3 at 7.)[2]

### A.  Prior Lawsuits

Garrett, proceeding *pro se* and *in forma pauperis*, previously sued BBVA and other

---

[1]By *Special Order No. 3-251*, this *pro se* case was referred for full case management.

[2]Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

defendants for housing discrimination and fraud on October 10, 2018, in *Garrett v. United States Dep't of Justice et al.*, No. 3:18-CV-2726-N-BN, (N.D. Tex.) (the Garrett Action). (*See* Garrett Action, doc. 1.) She alleged that the defendants "conducted discriminatory business practices in a discriminatory way" to prevent her from refinancing her home and to cause her to lose her home, and sought $10,000,000 in damages. (*Id.* at 2, 7.) Because her complaint did not comply with the pleading standards under Rule 8, she was ordered to file an amended complaint. (Garrett Action, doc. 9.) Garrett filed an amended complaint that again named BBVA as a party and added Gumm as an additional defendant, and that asserted additional claims for "business discrimination, [ ] bank fraud, [and] deception," but contained fewer factual allegations than the original. (*Id.,* doc. 10 at 7.) Based on a finding that Garrett "fail[ed] to 'plead facts sufficient to show that' her claims have 'substantive plausibility,'" the case was dismissed with prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B) on November 30, 2018. (Garrett Action, docs. 11 at 6; 14, 15 (citation omitted).) On July 24, 2019, Garrett's appeal of the decision was dismissed by the Fifth Circuit Court of Appeals for want of prosecution. (*Id.*, doc. 31.)

Runnels, also proceeding *pro se* and *in forma pauperis*, filed a separate suit against BBVA and other defendants for housing discrimination and fraud, in *Runnels v. BBVA Compass Bank et al.*, No. 3:18-CV-2727-M-BT, (N.D. Tex.) (the Runnels Action), on the same day as Garrett. (*See* Runnels Action, doc. 1.) She also alleged that the defendants "conducted discriminatory business practices in a discriminatory way" to prevent her from refinancing her home and to cause her to lose her home, and requested $10,000,000 in damages. (*Id.* at 2, 7.) Her complaint also did not comply with the pleading standards under Rule 8, and she was ordered to file an amended complaint. (Runnels Action, doc. 9.) Runnels amended her complaint and again named BBVA as a party,

2

added Gumm as a defendant, and alleged that "[t]his case involves housing discrimination and breach of contract" and "discrimination and maney[sic] ponzi scheme through housing discrimination," but also made fewer allegations than in her original complaint. (*Id.*, doc. 10 at 4-5.) On November 6, 2018, the district court found that Runnels "fail[ed] to provide any other information to elaborate on these claims or to set forth any specific facts in support of her vague assertions," and dismissed her amended complaint with prejudice for failure to state a claim. (Runnels Action, docs. 11 at 3; 12-13.)  Runnels did not appeal this decision.

### B.   Current Lawsuit

Plaintiffs now allege that the defendants, including BBVA and Gumm, were involved in a fraudulent scheme and had "conspired to defraud [them] out of their home[s]."  (docs. 3 at 7; 28 at 1-2; 29 at 1-2.)  They contend that the defendants "conducted discriminatory business practices in a discriminatory way to cause them to lose their home[s] and prevent them to be properly refinanced." (doc. 28 at 2.)  Plaintiffs claim that the defendants are liable for housing discrimination in violation of Title VII and "Federal Truth Lending Housing Laws," breach of contract, business fraud and deception, and defamation, and they seek $10,000,000.  (docs. 3 at 7, 10; 28 at 1.)

On December 9, 2019, BBVA moved to dismiss Plaintiffs' action for failure to state a claim under Rule 12(b)(6), and alternatively for a more definite statement under Rule 12(e) or for judgment on the pleadings under Rule 12(c). (doc. 20.)  Plaintiffs responded on December 30, 2019, and BBVA replied on January 10, 2020. (docs. 28, 32.)[3]

---

[3]On January 2, 2020, Plaintiffs' claims against defendants Ray McDonald, Cedric Brown a/k/a Cedric Brooks, and Walter Irvin were dismissed without prejudice *sua sponte* for failure to timely serve them. (docs. 19, 30, 31.)

## II.  RULE 12(B)(1)

BBVA moves to dismiss Plaintiffs' complaint for lack of subject matter jurisdiction.  (doc. 20 at 12-13.)[4]

### A.      Legal Standard

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges a federal court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). Federal courts are courts of limited jurisdiction; without jurisdiction conferred by the Constitution and statute, they lack the power to adjudicate claims. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

A Rule 12(b)(1) motion "may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006).  A court must dismiss the action if it determines that it lacks jurisdiction over the subject matter. Fed. R. Civ. P. 12(h)(3); *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998).  "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam).  A dismissal under Rule 12(b)(1) "is not a determination of the merits," and it "does not prevent the plaintiff from

---

[4]Although BBVA raises this argument under Rule 12(b)(6), the issue of standing implicates the Court's subject-matter jurisdiction and is properly considered under Rule 12(b)(1). *Lee v. Verizon Commc'ns Inc.*, 954 F. Supp. 2d 486, 496 (N.D. Tex. 2013) (citing *Hunter v. Branch Banking & Trust Co.*, 2013 WL 607151, at *1 (N.D. Tex. Feb. 19, 2013)) ("Standing is an issue of subject matter jurisdiction, and thus can be contested by a Rule 12(b)(1) motion to dismiss."); *see Cobb v. Cent. States*, 461 F.3d 632, 635 (5th Cir. 2006) (noting "the issue of standing is one of subject matter jurisdiction").

pursuing a claim in a court that does have proper jurisdiction." *Id.* Accordingly, considering Rule

12(b)(1) motions first "prevents a court without jurisdiction from prematurely dismissing a case with

prejudice." *Id.*

The district court may dismiss for lack of subject matter jurisdiction based on (1) the

complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the

complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson*

*v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). A motion to dismiss based on the complaint alone

presents a "facial attack" that requires the court to merely decide whether the allegations in the

complaint, which are presumed to be true, sufficiently state a basis for subject matter jurisdiction.

*See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1998). "If sufficient, those allegations

alone provide jurisdiction." *Id.*

Here, BBVA relies solely on Plaintiffs' complaint in support of its motion to dismiss for lack

of subject matter jurisdiction.[5] The motion therefore presents a facial attack that does not require

the resolution of factual matters outside the pleadings. *See Williamson*, 645 F.2d at 412-13.

**B.    Standing**

BBVA argues that Plaintiffs lack standing to assert the claims alleged in the complaint

because they have not met the "three required elements to establish Article III standing." (doc. 20

at 12-13.)

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court

jurisdiction, to 'Cases' and 'Controversies.' " *United States Parole Comm'n v. Geraghty*, 445 U.S.

388, 395 (1980). "One element of the case-or-controversy requirement is that [plaintiffs], based on

---

[5]Although court records from Plaintiffs' prior lawsuits are included as exhibits to the motion to dismiss (*see* docs. 20-1-20-7), BBVA does not rely on these exhibits for its jurisdictional argument.

their complaint, must establish that they have standing to sue." *Raines v. Byrd*, 521 U.S. 811, 818

(1997).  This requirement, like other jurisdictional requirements, is "not subject to waiver." *Lewis*

*v. Casey*, 518 U.S. 343, 349 n.1 (1996).  The Supreme Court "insist[s] on strict compliance" with

the requirement. *Raines*, 521 U.S. at 819.  "The constitutional limits on standing eliminate claims

in which the plaintiff has failed to make out a case or controversy between [the plaintiff] and the

defendant." *Lewis v. Knutson*, 699 F.2d 230, 236 (5th Cir. 1983).  "Even when standing is not raised

by the parties, the Court must, where necessary, raise the issue *sua sponte*." *Reed v. Rawlings*, No.

3:18-CV-1032-B, 2018 WL 5113143, at *3 (N.D. Tex. Oct. 19, 2018) (citing *Collins v. Mnuchin*,

896 F.3d 640, 654 n.83 (5th Cir. 2018)); *see Legacy Cmty. Health Servs., Inc. v. Smith*, 881 F.3d

358, 366 n.2 (5th Cir. 2018) (citing *K.P. v. LeBlanc*, 627 F.3d 115, 122 (5th Cir. 2010)).

To meet the standing requirement, plaintiffs must demonstrate (1) that "they have suffered

an 'injury in fact,' which is a 'an invasion of a legally protected interest' that is 'concrete and

particularized' rather than 'conjectural or hypothetical;' " (2) that "there is a 'causal connection

between the injury and the conduct complained of' such that the injury is 'fairly traceable to the

challenged action of the defendant, and not the result of the independent action of some third party

not before the court,'" and (3) that "the injury likely will 'be redressed by a favorable decision.' "

*Seals v. McBee*, 898 F.3d 587, 591 (5th Cir. 2018) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S.

555, 560-61 (1992)).  " '[E]ach element of Article III standing must be supported in the same way

as any other matter on which the plaintiff bears the burden of proof,' with the same evidentiary

requirements of that stage of litigation." *Seals*, 898 F.3d at 591 (quoting *Bennett v. Spear*, 520 U.S.

154, 167-68 (1997) (citations and quotations omitted).  Courts are to assess a plaintiff's "standing

to bring each of its claims against each defendant." *Coastal Habitat Alliance v. Patterson*, 601 F.

6

Supp. 2d 868, 877 (W.D. Tex. 2008), *aff'd by* 385 F. App'x 358 (5th. Cir. 2010) (citing *James v. City of Dallas*, 254 F.3d 551, 563 (5th Cir. 2001)).  While plaintiffs must set forth specific facts by affidavit or other evidence to survive summary judgment, and "must ultimately support any contested facts with evidence adduced at trial," "[a]t the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice" because on a motion to dismiss, courts presume that "general allegations embrace those specific facts that are necessary to support the claim." *Bennett*, 520 U.S. at 168 (citations and quotations omitted).

Here, Plaintiffs are suing BBVA for housing discrimination, breach of contract, business fraud and deception, and defamation, and they are requesting monetary relief. (*See* docs. 3 at 7, 10; 28 at 1-2.)  In their response to BBVA's motion to dismiss,[6] they allege that BBVA and the other defendants had conspired to defraud them out of their homes, and that they lost their homes as a result of the defendants' discriminatory and fraudulent actions.  (doc. 28 at 2.)  Liberally construed, Plaintiffs have alleged an injury fairly traceable to BBVA's allegedly unlawful conduct and likely to be redressed by the requested relief sufficient to demonstrate standing. *See Lujan*, 504 U.S. at

---

[6]Because Plaintiffs are proceeding *pro se*, their pleadings are to be provided "a liberal construction." *Brown v. Sudduth*, 675 F.3d 472, 477 (5th Cir. 2012).  As a general rule, claims and allegations that are not raised in the complaint, but rather raised for the first time in a response to a motion to dismiss are not properly before the court. *See Hearn v. Deutsche Bank Nat. Trust Co.*, 3:13-CV-2417-B, 2014 WL 4055473, *4 n. 3 (N.D. Tex. Aug. 15, 2014); *Middleton v. Life Ins. Co. of North America*, H-09-CV-3270, 2010 WL 582552, *5 (S.D. Tex. Feb. 12, 2010) (claim raised for first time in response to motion to dismiss was not properly before the Court) (citing *Fisher v. Metro. Life Ins. Co.*, 895 F.2d 1073, 1078 (5th Cir. 1990)*; see also Cutrera v. Board of Supervisors*, 429 F.3d 108, 113 (5th Cir. 2005) (explaining that a claim raised for the first time in a response to a motion for summary judgment is not properly before the court).  Nevertheless, the Fifth Circuit has held that courts should construe new allegations and theories in responses to dispositive motions as motions to amend.  *Cash v. Jefferson Assocs., Inc.*, 978 F.2d 217, 218 (5th Cir. 1992) (deciding that a response to a motion to dismiss in which plaintiff first alleged that she had been willfully discriminated against should be treated as a motion to amend); *see also Debowale v. U.S. Inc.,* 62 F.3d 395 (5th Cir. 1995) (per curiam) (holding that "[t]he district court should have construed [the plaintiff's] *Bivens* claim, raised for the first time in his response to the summary judgment motion, as a motion to amend the complaint under [Rule] 15(a) and granted it").  "This is particularly true where ... the litigant is *pro se* and has not yet made any amendments to her complaint." *Riley v. Sch. Bd. Union Par.*, 379 F. App'x 335, 341 (5th Cir. 2010).  Accordingly, Plaintiffs' allegations and claims in their response to BBVA's motion to dismiss are construed as a motion to amend, the motion is granted, and the new claims and allegations are considered.

560-61. Their allegations, which are presumed to be true for purposes of this Rule 12(b)(1) motion, sufficiently state a basis for subject matter jurisdiction. *See Bennett*, 520 U.S. at 168; *Paterson*, 644 F.2d at 523. Accordingly, BBVA's Rule 12(b)(1) motion to dismiss all of Plaintiffs' claims for lack of subject matter jurisdiction should be denied.

### III.  RULE 12(B)(6)

BBVA moves to dismiss Plaintiffs' complaint under Rule 12(b)(6) for failure to state a claim. (doc. 20 at 14-21.)

### A.    <u>Legal Standard</u>

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). It is well-established that "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). Nonetheless, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' "

*Iqbal*, 556 U.S. at 678 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 678.

As noted, a court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *Spivey*, 197 F.3d at 774; *Baker*, 75 F.3d at 196. When a party presents "matters outside the pleadings" with a Rule 12(b)(6) motion to dismiss, a court has "complete discretion" to either accept or exclude the evidence for purposes of determining the motion. *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 196 n.3 (5th Cir. 1988); *accord Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 783 (5th Cir. 2007). However, "[i]f . . . matters outside the pleading[s] are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

Nevertheless, "pleadings" for purposes of a Rule 12(b)(6) motion include attachments to the

9

complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Similarly, documents "attache[d] to a motion to dismiss are considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim[s]." *Collins*, 224 F.3d at 499 (quotations omitted); *accord Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 725 (5th Cir. 2003). It is also "clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). Accordingly, documents falling in these three categories may be properly considered without converting the motion to dismiss into a motion for summary judgment.

BBVA attached to its motion to dismiss copies of the filings, orders, and judgments in Plaintiffs' prior lawsuits. (*See* docs. 20-1-20-7.) These documents can be judicially noticed because they are matters of public record and their contents cannot reasonably be disputed. *See Norris*, 500 F.3d at 461 n.9; *Defranceschi v. Seterus, Inc.*, No. 4:15-CV-870-O, 2016 WL 6496319, at *2 (N.D. Tex. Apr. 18, 2016) (taking judicial notice of plaintiff's original petition in a prior case for the purpose of establishing the fact of the prior litigation); *see also* Fed. R. Evid. 201(b)(2) (a court may take judicial notice of a fact when "it can be accurately and readily determined from sources whose accuracy cannot reasonably be disputed"). It is therefore unnecessary to convert BBVA's motion to dismiss into a motion for summary judgment.

**B.    Res Judicata**[7]

BBVA moves to dismiss Plaintiffs' claims on grounds that they are barred by "res judicata,

---

[7]Because res judicata is an absolute bar to a party's claims, this argument is considered first.

collateral estoppel, and/or judicial estoppel." (doc. 20 at 10-14.)

The "rule of res judicata encompasses two separate but linked preclusive doctrines: (1) true res judicata or claim preclusion and (2) collateral estoppel or issue preclusion." *Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 466 (5th Cir. 2013); *see also Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) ("The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'").  "True res judicata" or "claim preclusion . . . bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005) (citation omitted). This doctrine has four elements: "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Comer*, 718 F.3d at 466-67.

Res judicata is generally "an affirmative defense that should not be raised as part of a 12(b)(6) motion, but should instead be addressed at summary judgment or at trial." *Am. Realty Trust, Inc. v. Hamilton Lane Advisors, Inc.*, 115 F. App'x 662, 664 n.1 (5th Cir. 2004) (citing *Moch v. East Baton Rouge Parish Sch. Bd.*, 548 F.2d 594, 596 n.3 (5th Cir. 1977) ("Generally, a party cannot base a 12(b)(6) motion on res judicata.").  Nevertheless, "[i]f, based on the facts pleaded and judicially noticed, a successful affirmative defense appears, then dismissal under Rule 12(b)(6) is proper." *Hall v. Hodgkins*, 305 F. App'x 224, 227–28 (5th Cir. 2008) (per curiam) (citing *Kansa Reinsurance Co., Ltd. v. Cong. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994)). As with all affirmative defenses, the burden of proving claim preclusion "rests on the party claiming the benefit of the doctrine." *Patterson v. Dean Morris, L.L.P.*, No. 08-5014, 2011 WL 1791235, at *6

(E.D. La. May 6, 2011) (citation omitted); *accord Taylor*, 553 U.S. at 907.

### 1.    *Identical Parties or Privity with Identical Parties*

"Identity of parties" requires that both parties to the current suit be parties to the prior suit

or in privity with the parties to the prior suit. *Jones v. Sheehan, Young & Culp, P.C.*, 82 F.3d 1334,

1341 (5th Cir. 1996) (citing *Coalition of Cities for Affordable Utility Rates v. Public Util. Comm'n*,

798 S.W.2d 560, 563 (1991), *cert. denied*, 499 U.S. 983 (1991)).  BBVA was named as a defendant

in the prior lawsuits and in the current action, and therefore identity of parties exists with respect

to Plaintiffs' prior lawsuits. *See Comer*, 718 F.3d at 467; (*see* doc. 3; Garrett Action, doc. 10;

Runnels Action, doc. 10.)

### 2.    *Court of Competent Jurisdiction*

With respect to the second element, both the Garrett Action and the Runnels Action were

filed in and dismissed by the Northern District of Texas. (*See* Garrett Action, docs. 11, 14, 15;

Runnels Action, docs. 11-13.)  None of the parties disputes that the district court was a court of

competent jurisdiction to determine these actions.  Because the district court had jurisdiction over

the prior cases, this element is satisfied.

### 3.    *Prior Final Judgment*

Both of the district courts in the Garrett Action and the Runnels Action dismissed the

lawsuits with prejudice for failure to state a claim upon which relief could be granted under 28

U.S.C. § 1915(e)(2)(B)(ii). (*See* Garrett Action, docs. 11, 14, 15; Runnels Action, docs. 11-13.)

"Generally a federal court's dismissal with prejudice is a final judgment on the merits for res

judicata purposes." *Stevens v. Bank of America, N.A.*, 587 F. App'x 130, 133 (5th Cir. 2014) (citing

*Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009)).  When, as here, an *in forma*

*pauperis* complaint is dismissed with prejudice after the plaintiff had been "given an opportunity to expound on the factual allegations" and still "could not assert a claim with an arguable factual basis," it is a final judgment on the merits for res judicata purposes. *See Marts v. Hines*, 117 F.3d 1504, 1505 (5th Cir. 1997) (en banc) (citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)); *see also Shabazz v. Franklin*, 380 F. Supp. 2d 793, 803 (N.D. Tex. 2005) ("[A] previously dismissed action based on substantially the same facts arising from a common series of events provides a sufficient basis to dismiss the later-filed, fee-paid action when the court dismissed the first action because it was subject to a meritorious defense or was found factually or legally frivolous, after giving the plaintiff the opportunity to expound on the factual allegations before a dismissal as factually frivolous."). Because Plaintiffs' prior lawsuits against BBVA were dismissed with prejudice after they had the opportunity to expound on the factual allegations by amending their complaints, the third element is also met here.

### 4.    *Same Claims*

BBVA contends that Plaintiffs are reasserting at least two of the same claims from their prior lawsuits, and that all claims in this action are based on the same set of facts asserted in the prior cases. (doc. 20 at 17-18.)

Res judicata extends beyond claims that were actually raised in a prior action and bars all claims that "could have been advanced in support of the cause of action on the occasion of its former adjudication." *In re Howe*, 913 F.2d 1138, 1144 (5th Cir. 1990). Ultimately, the "preclusive effect of [the] prior judgment extends to all rights the original plaintiff had 'with respect to all or any part of the transaction, or series of connected transactions, out of which the [original] action arose.' " *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395-96 (5th Cir. 2004) (alteration in original)

13

(citation omitted).  "To determine whether two suits involve the same claim or cause of action, [the Fifth Circuit] has adopted the transactional test of the Restatement (Second) of Judgments, § 24." *Id.*  Under this test, the "inquiry focuses on whether the two cases under consideration are based on 'the same nucleus of operative facts.'"  *United States v. Davenport*, 484 F.3d 321, 326 (5th Cir. 2007) (citations omitted).  "[I]t is the nucleus of operative facts, rather than the type of relief requested, substantive theories advanced, or types of rights asserted, that defines the claim."  *Id.* Identifying the nucleus of operative facts involves a "pragmatic" approach, "giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations."  *Test Masters*, 428 F.3d at 571 (citing Restatement (Second) of Judgments, § 24).

In the prior lawsuits, Garrett asserted claims for "business discrimination, [ ] bank fraud, [and] deception" (Garrett Action, doc. 10 at 7), and Runnels asserted claims for "housing discrimination and breach of contract" (Runnels Action, doc. 10 at 4-5).  They alleged that the fraudulent and discriminatory conduct of the defendants caused them to lose their homes.  (*Id.*)  In this suit, Plaintiffs also assert claims for housing discrimination, breach of contract, and business fraud and deception, as well as a claim for defamation.  (docs. 3 at 7, 10; 28 at 1-2.)  Their claims are based on allegations that lost their homes because of the same unlawful conduct by the defendants.  (*Id.*)  Because Plaintiffs assert the same claims against BBVA in all three actions, and "the same nucleus of operative facts" underlie all their claims, the fourth and final element of claim preclusion is satisfied. *See Davenport*, 484 F.3d at 326.

BBVA's affirmative defense may be considered under its motion to dismiss because all of the elements of res judicata are either undisputed or appear on the face of Plaintiffs' complaint and

in documents subject to judicial notice. *See Hall*, 305 F. App'x at 227-28; *see also Saint Paul Commodities, LLC v. Crystal Creek Cattle Co.*, No. 3:11-CV-0037-G, 2012 WL 3135574, at *3 n.3 (N.D. Tex. Aug. 1, 2012) (considering the res judicata defense in the motion to dismiss context because "all [the] relevant facts [were] in the record and [were] uncontroverted"). Because all elements of claim preclusion are either undisputed or satisfied, Plaintiffs' claims against BBVA are barred and should be dismissed with prejudice.[8]  *See Butts*, 2011 WL 7109344, at *2 (dismissing plaintiff's claims as "barred by res judicata" because "both the instant action and the prior litigation [arose] out of the 'same nucleus of operative facts'–the mortgage loan obtained by plaintiff on the subject property").[9]

## IV. OPPORTUNITY TO AMEND

Notwithstanding their failure to plead sufficient facts, the Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Byrnes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs to amend their complaints when the action is to be dismissed pursuant to a

---

[8]Although BBVA is the only party that moves to dismiss this action, a court may *sua sponte* dismiss a plaintiff's claims on its own motion under Rule 12(b)(6) for failure to state a claim as long as the plaintiff has notice of its intention and an opportunity respond. *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006) (citing *Shawnee Int'l., N.V. v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir. 1984)). The fourteen-day time frame for filing objections to the recommended dismissal ensures the procedure is fair by providing the requisite notice and opportunity to be heard. *See Shaunfield v. Experian Information Solutions, Inc.*, 991 F. Supp. 2d 786, 897 (N.D. Tex. 2014). "The Fifth Circuit has recognized that, when one defending party establishes that the plaintiff has no cause of action, this defense generally inures also to the benefit of other similarly situated defendants." *Hernandez v. U.S. Bank, N.A.*, No. 3:13-CV-2164-O, 2013 WL 6840022, at *13 (N.D. Tex. Dec. 27, 2013) (citing *Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001)). Because the four res judicata elements are present with respect to Plaintiffs' claims against Gumm, these claims are also subject to dismissal for the same reasons as the claims against BBVA.

[9]BBVA also moves to dismiss Plaintiffs' claims on grounds that they are barred by collateral estoppel and judicial estoppel, and that they fail as a matter of law for lack of any factual allegations supporting any cause of action. (*See* doc. 20 at 12-16.) Because Plaintiffs' claims are subject to dismissal based on the doctrine of res judicata, it is unnecessary to reach these arguments.

court order.  *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870, at \*2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at \*2.  A *pro se* plaintiff may also obtain leave to amend his complaint in response to a recommended dismissal.  *See Swanson v. Aegis Commc'ns Grp., Inc.*, No. 3:09-CV-0041-D, 2010 WL 26459, at \* 1 (N.D. Tex. Jan. 5, 2010); *Scott*, 2008 WL 398314, at \*1.  However, "[w]hen a plaintiff is given an opportunity to amend a complaint that fails to state a claim upon which relief can be granted, but refuses to do so, then the district court is justified in dismissing the complaint with prejudice."  *Rodriguez v. United States*, 66 F.3d 95, 98 (5th Cir. 1995).  Additionally, a court may appropriately dismiss an action with prejudice without giving an opportunity to amend if it finds that the plaintiff has alleged his or her best case.  *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

Here, all of Plaintiffs' claims in this suit are barred by res judicata.  Even considering Plaintiffs' new claims and allegations in their response to the motion to dismiss, they appear to have alleged their best case.  *See, e.g., Bunch v. Mollabashy*, No. 3:13-CV-1075-G BH, 2015 WL 1378698, at \*13 (N.D. Tex. Mar. 26, 2015) (finding *pro se* plaintiff had alleged her best case when new allegations in her response to the motion to dismiss still failed to provide additional support for the claims against defendant, and declining her opportunity to amend).  Accordingly, an opportunity to amend is unwarranted.

## V. RECOMMENDATION[10]

BBVA's motion to dismiss for lack of subject matter jurisdiction should be **DENIED**, its motion to dismiss for failure to state a claim should be **GRANTED**, and Plaintiffs' claims against

---

[10]Because dismissal of Plaintiffs' case with prejudice under Rule 12(b)(6) has been recommended, BBVA's alternative motions for judgment on the pleadings under Rule 12(c) and for a more definite statement under Rule 12(e), need not be addressed.

it should be **DISMISSED with prejudice**.  Plaintiffs' claims against Gumm should be *sua sponte*

**DISMISSED with prejudice**.

       **SO RECOMMENDED** on this 22nd day of May, 2020.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

       A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE